UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  20-CV-22200-GAYLES

WILMAX ST. CHARLES,

    Petitioner,

v.

WILLIAM BARR, et al.,

    Respondents
    _____/

## ORDER DISMISSING HABEAS PETITION

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241. [ECF No. 1]. The Court has reviewed the Petition and the record and is otherwise fully advised.  For the reasons that follow, the Petition is dismissed as moot and for lack of jurisdiction.

### BACKGROUND

Petitioner, Wilmax St. Charles, challenges his continued detention by the United States Department of Homeland Security's Bureau of Immigration and Customs Enforcement ("ICE") and moves the Court for a stay of removal in his immigration case during the pendency of his appeal. At the time the Petition was filed, Petitioner was in ICE custody and detained at Krome Service Processing Center in Miami, Florida. [ECF No. 1].

Respondent, however, states that since filing the Petition, Petitioner has been removed from the United States and is no longer in ICE detention. [ECF No. 8]. Accordingly, Respondent argues, there is no longer a case or controversy under Article III, § 2 of the United States Constitution, and the Court should dismiss the Petition as moot and for lack of jurisdiction. *Id*.

## DISCUSSION

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citations omitted). "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Id*. (quoting *Adler v. Duval County Sch. Bd.,* 112 F.3d 1475, 1477 (11th Cir. 1997). "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Id*. (internal quotation omitted).

In *Soliman*, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order. *Id*. The alien was removed from the United States while the appeal was pending. *Id*. In light of Soliman's removal, the Court found that it was "abundantly clear" that the appeal was moot because the relief sought—release from detention pending removal, in addition to other relief—could not be affected by any order from the Court since Soliman was no longer being detained. *Id*. at 1243.

Here, a search of ICE's Online Detainee Locator System reveals no matching results for Petitioner based on his A-Number and name. The Court takes judicial notice of such pursuant to Fed. R. Evid. 201. Further, Respondent has produced documents indicating that Petitioner has been removed from the United States. [*See* ECF No. 8-8, Ex. G].

Because Petitioner is no longer in ICE custody, having been deported to Haiti, no order from this Court directing his release would have any effect. As such, there is "nothing for us to remedy, even if we were disposed to do so." *Soliman*, 296 F.3d at 1243 (internal quotation

omitted). Accordingly, to the extent that it seeks Petitioner's release from custody, the Petition is dismissed as moot.

Moreover, to the extent that Petitioner seeks a stay of removal, the Court is without jurisdiction to consider the relief sought. *See e.g. Majano Garcia v. Martin*, 379 F. Supp. 3d 1301, 1304 (S.D. Fla. 2018) ("With respect to immigration cases, challenges to removal orders or deportation are reviewable only by the appropriate court of appeals, not by a federal district court."). Accordingly, the Petition is dismissed as moot and, in the alternative, for lack of jurisdiction.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that

1. The Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED AS MOOT** or, in the alternative, **FOR LACK OF JURISDICTION.**

2. This case is CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th day of September, 2020.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE